KETCHUM *against* MILN.

*Action to recover freight; evidence; set-off.*

THIS action was brought by the public administrator of the estate of James Simons, deceased, for freight earned by the schooner Sir Lionel Smith, of which Mr. Simon in his lifetime was master, and claimed to be owner.

In September, 1842, the vessel received, at Jamaica, certain goods for the defendant in New York, to which port she was bound. Captain Simon died on the voyage; the mate succeeded to the command, delivered the goods to the defendant in New York, and this action was brought for the freight.

The evidence of the ownership of the vessel, by Simon, consisted of the deposition of John Roby, collector of customs at Montigo Bay, in Jamaica, taken by commission, who stated that in April, 1842, he knew the schooner in question, and that she was then registered by him, and was the sole property of James Simon, of Montigo Bay, master mariner. That she was registered by virtue of a bill of sale dated 17th March, 1842, from Duncan Robertson, executor of Robert Watt, deceased, to said James Simon, when the former certificate of registry, granted at the same port on the 7th February, 1839, Robert Watt, of Montigo Bay, being sole owner, was given up and cancelled.

It was proved that the vessel was lost in November, 1844, with all her papers on board. A copy of the several certificates of registry was annexed to the deposition. The admission of the deposition and papers annexed, as evidence, was objected to, on the ground that they were not competent evidence of the facts referred to by the witness, and that the documents annexed were copies and not originals, and that the bill of

sale should have been produced.   The objection was overruled and the papers read.

The defendant then offered to prove a set-off, which existed against the intestate prior to his decease; this was objected to and excluded, and the plaintiff obtained judgment for the amount of the freight.

The judgment was affirmed; the court holding that the evidence of the ownership of Simon was sufficient. That the bill of sale must be presumed to have been lost with the vessel's papers.

That the freight did not become due until after the death of the intestate, and a set-off of a debt owing by him prior to his death was properly rejected.